**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Zhejiang Ledison Optoelectronics Company, Ltd.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 26-cv-1719** |
| **v.** | ) | |
| | ) | **Magistrate Judge Laura K. McNally** |
| **Shenzhenshi Riyi Keji Youxian Gongshi, d/b/a/ Leools,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Memorandum Opinion and Order

Before the Court is Plaintiff/Counterclaim-Defendant Zhejiang Ledison Optoelectronics Co., Ltd.'s ("Plaintiff" or "Zhejiang") renewed motion to dismiss or limit Count II of Shenzhenshi Riyi Keji Youxian Gongshi, d/b/a/ Leools' ("Defendant" or "Leools") Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 30: Renewed Mot. to Dismiss.) For the following reasons, Plaintiff's motion is denied.

Procedural History

On February 17, 2017, Plaintiff filed this patent infringement action against Defendant alleging infringement of its patent 9,261,242 (the "'242 Patent"), entitled "LED Light Bulb and LED Light-Emitting Strip Being Capable of Emitting 4π Light".

(Doc. No. 1: Complaint, ¶ 12.)[1] In its Complaint, Plaintiff states that it is the manufacturer and seller of LED light bulbs and light strips that are capable of emitting 4$\pi$ light. (Cplt. ¶ 10.) Plaintiff also states that its products incorporate its patented invention and "are known for the distinctive features embodied therein." (Cplt. ¶ 16.) Plaintiff alleges that Defendant offers, sells, and/or distributes a product (which it describes as the "Infringing Product" and Defendant calls the "Accused Product") that infringes on at least Claim 1 of the '242 patent. (Cplt. ¶¶ 17-24.)

Defendant's answer included affirmative defenses and two counterclaims, Count I, alleging noninfringement of the '242 Patent, and Count II, alleging invalidity of the '242 Patent. (Doc. No. 21: Answer and Counterclaims.) Plaintiff answered Count I of the counterclaims (Doc. No. 25: Answer to Counterclaim I) and moved to dismiss Count II. (Doc. No. 24: Pl. First Motion to Dismiss.) Instead of responding to the motion, Defendant filed an amended answer, including amended counterclaims. (Doc. No. 28: Am. Answer and Counterclaims.) Plaintiff again answered Counterclaim I and filed a second motion to dismiss Counterclaim II. (Doc. No. 31: Second Answer to Counterclaim I, Doc. No. 30: Second Mot. to Dismiss Counterclaim II, hereinafter "Mot. to Dismiss.") That motion is now before the Court.

## Legal Standard

[1] A light source capable of emitting 4π light means that it is radiates light uniformly in all directions.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief can be granted[ ]". Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a claim (or as here, counterclaim) must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

<u>Amended Counterclaim II</u>

Defendant's Amended Counterclaim II alleges that Claim 1 of the '242 patent, which Plaintiff admits is the patent's only independent claim, is invalid under 35 U.S.C. § 103 and/or § 112. (Am. Counterclaim II, ¶¶ 19-24.)[2] Specifically, Defendant argues that at least Claim 1 and any asserted dependent claims of the '242 patent "are invalid as

---

[2] 35 U.S.C §103 establishes as a condition of patentability that the invention is non-obvious to a person having ordinary skill in the art to which the claimed invention pertains. 35 U.S.C. §112 establishes the legal requirements for a patent's specifications, including having a written description of the invention and of the manner and process of making and using it.

obvious over Shibata (U.S. Pub. No. 2004/0008525 A1) in view of Meyer (U.S. Pub. No. 2004/0201990 A1), and further in view of CN101533784A and/or U.S. Patent Application Publication No. 2009/0224280 A1." (Am. Counterclaim II, ¶ 21.) Amended Counterclaim II, paragraph 20 further contends that the claimed combination was known and would have been obvious to a person of ordinary skill in the art before the alleged invention.

Defendant also alleges that the '242 patent's "transparent substrate strip" limitation was known in prior art, citing as examples CN101533784A, U.S. Patent Application Publication No. 2009/0224280 A1, and Tanda (U.S. Pub. No. 2007/0139949 A1). (Am. Counterclaim II, ¶ 23.) With respect to gas-based heat dissipation in LED bulbs, Defendant cites as examples of prior art CN101706058A and related publications. (Am. Counterclaim II, ¶ 24.) In summarizing its reasons the '242 patent is invalid, Defendant states:

> The foregoing references disclose or render obvious the limitations of Claim 1, including, without limitation, light-transmission bulb structures, core-column and electrical-lead structures, LED chain-body or light-emitting-strip arrangements, transparent substrate/package structures, and gas-based heat-dissipation mechanisms using helium, hydrogen, or other thermally conductive gases to transfer LED heat through a light-transmissive bulb shell without a metal heat-sink structures.

(Am. Counterclaim II, ¶ 25.)

Separately, Defendant states in Counterclaim I that unlike the substrate strip on which LED chips are mounted in the '242 patent, the Accused Product's substrate strip is ceramic, not transparent. (Counterclaim I, ¶ 15.) Therefore, Defendant offers an

alternative invalidity theory, alleging that Claim 1 of the '242 patent is invalid under 35 U.S.C. § 112 to the extent Plaintiff contends that its claimed "transparent substrate strip" encompasses any non-transparent materials or else refer outer tubes that are not the substrate on which the LED chips are mounted or fixed. (Counterclaim II, ¶ 27.)

Finally, in Amended Counterclaim II, Defendant reserved the right "to rely on additional prior art references, including Hakata, Son, Wang, CN101561121A, CN101800270A, CN101140850A, and other references identified in the '242 Patent, prosecution history, reexamination record, or Defendant's continuing investigation, as further disclosing or rendering obvious particular limitations of the asserted claims and dependent claims." (Am. Counterclaim II, ¶ 28.)

<u>Analysis</u>

In its motion to dismiss, Plaintiff acknowledges that Defendant's Amended Counterclaim II adds prior-art references and identifies a general obviousness combination that was missing from its original counterclaim II. (Mot. to Dismiss at 2.) Nevertheless, Plaintiff argues that Defendant's Amended Counterclaim II should either be dismissed or limited in material part because "it still does not plead a coherent, claim-specific invalidity theory supported by limitation-by-limitation factual allegations." (*Id.*) Specifically, Plaintiff argues that the amended counterclaim does not include "claim limitation mapping" or identify which reference supplies which limitation of Claim 1, how the asserted combination makes the full claimed invention

obvious, or how Defendant addresses the USPTO's reexamination allowance rationale. (Mot. to Dismiss at 3.)

In response, Defendant contends that it has pleaded a concrete theory of invalidity under 35 U.S.C. § 103, including sufficient facts that both meet the notice pleading standard of Rule 8(a) and allege a plausible claim for relief. (Doc. No. 40: Resp. to Mot. to Dismiss at 2.) Defendant further argues that Plaintiff seeks to require Amended Counterclaim II to contain a level of specificity that will be provided during discovery in the claim construction phase of the lawsuit, but which is not needed to survive a motion to dismiss. (Resp. at 5-6.) After considering both parties' positions, the Court agrees that Defendant's Amended Counterclaim II adequately states a plausible claim of invalidity in compliance with Rule 8(a)(2) and with *Twombly* and *Iqbal.*

While Plaintiff complains that Amended Counterclaim II does not contain limitation-by-limitation factual allegations supporting invalidity, none of the authority Plaintiff offers requires that level of detail at the pleading stage. Instead, all three cases dismissed patent invalidity counterclaims because they merely cited sections of the patent statutes rather than articulating even a basic factual theory. *See, Cleversafe, Inc. v. Aplidata, Inc.*, No. 11 C 4890, 2011 WL 6379300, at *1 (N.D. Ill. Dec. 20, 2011) (dismissing invalidity counterclaim in part because defendant relied on all of the United States patent laws, "including one or more of 35 U.S.C. §§ 101-103 and/or 112" without stating facts supporting its theory of invalidity.) *See also, Groupon Inc. v. MobGob LLC*, No. 10 C

7456, 2011 WL 2111986, at *1, 5 (N.D. Ill. May 25, 2011), and *Tactical Med. Sols., Inc. v. Karl*, No. 14 C 06035, 2015 WL 13943105, at *1 (N.D. Ill. Sep. 21, 2015) (dismissing counterclaims for failing to offer any more than bare bones allegations of invalidity.)

The amended counterclaim before the Court contains substantially more than bare bones allegations that the '242 is invalid under the patent laws. Amended Counterclaim II offers a fact-supported theory of obviousness and citations to prior art. (Resp. to Mot. to Dismiss at 4-5.) It explains the technical relevant teachings for each reference it cites for its obviousness claim and addresses why Plaintiff's amended patent claims after reexamination are still invalid. Amended Counterclaim II also offers an alternative theory of invalidity concerning Plaintiff's failure to adequately describe part of its claim as required by §112.

Other courts within the Seventh Circuit have denied motions to dismiss invalidity counterclaims that contained substantially similar, or even fewer fact-based allegations. *See, Westlake Royal Stone, LLC v. Stone Creek Prods., LLC*, No. 2:25-CV-02278-JEH-RLH, 2026 WL 880390, at *3 (C.D. Ill. Mar. 31, 2026) (denying a motion to dismiss an invalidity counterclaim where Defendant offered specific reasons that Plaintiff's patents were not valid; the Court noted that Defendant offered "x, y, and z reasons" for invalidity); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937–38 (N.D. Ill. 2010) (denying motion to dismiss invalidity counterclaims because allegations put plaintiff on notice that the patents were invalid for failing to satisfy one or more of the conditions of

patentability). *See also E-Link Plastic & Metal v. Mossime*, No. 23 cv 16802, 2024 WL 5444302, at *1 (N.D. Ill. Dec. 2, 2024) (finding unsuccessful the plaintiff's argument that the defendant's patent invalidity counterclaim was insufficient where "the allegations allow Plaintiff to understand the gravamen of Defendant's allegations, which is that the prior art identified renders the patents invalid.")

Notwithstanding the foregoing authority, Plaintiff offers several reasons that Defendant's counterclaim should be dismissed, apart from its general argument that Defendant was obligated to offer limitation-by-limitation factual allegations. Defendant counters each argument point by point, and the colloquy between the parties itself offers some evidence that Plaintiff has notice of and understands the gravamen of Defendant's claims. The Court does not need to address every one of Plaintiff's arguments to be satisfied that Defendant's Amended Counterclaim II offers a plausible theory of invalidity. A few merit additional discussion, however.

First, Plaintiff argues that Amended Counterclaim II does not address the USPTO's reexamination allowance rationale. (Mot. to Dismiss at 9.)[3] It points out that on reexamination, the USPTO upheld the patentability of the '242 patent with some amendments and stresses that some of the prior art references Defendant added to

---

[3] In describing the reexamination proceeding, Plaintiff states that "Claim 1 was allowed because the prior art of record failed to teach or render obvious, in combination with the other specific limitations, the limitation requiring the bulb shell to be filled with gas to perform convection dissipation without a metal heat sink." (Mot. to Dismiss at 9.)

Amended Counterclaim II were included in the reexamination record before the USPTO. (*Id.*) Therefore, Plaintiff suggests that Defendant was obligated to plead a limitation-by-limitation theory explaining how its prior art references support Defendant's argument that the patent is invalid for obviousness. (Mot. to Dismiss at 10.)

As an initial matter, Defendant is not required to plead a limitation-by-limitation theory of invalidity. To survive a motion to dismiss, Defendant does not need to convince the Court that it will win on its theory of invalidity. Instead, the Court considers whether Defendant has pleaded a plausible claim that the '242 Patent is invalid for obviousness, based on prior art.

To that end, in its response, Defendant first points out that Amended Counterclaim II expressly identifies the USPTO's reexamination allowance rationale. Specifically, Defendant describes the '242 Patent's amended Claim 1 as involving gas-filled convection dissipation without a metal heat sink, and notes that in front of the USPTO, Plaintiff distinguished its invention from the Hakata/Tanda prior art because that combination retained metal heat-sink structures. (Resp. at 6, *citing* Amended Counterclaim II at ¶26.)

Next, Defendant acknowledges that some of its prior art references appeared in the reexamination record, but points out that others, specifically CN101533784A, US2009/0224280 A1, and CN101706058A, were not before the USPTO. (Resp. at 7.) It explains that Amended Counterclaim II identifies a specific combination of prior art

and assigns a defined role to each part of that combination that differs from that before the USPTO on reexamination. (*Id.*) Defendant describes those assigned roles as such: "Shibata supplies the LED-bulb and LED-chain architecture; Meyer supplies a gas-filled, light-transmissive envelope for dissipating LED-generated heat; and CN101533784A and/or US2009/0224280 A1 supply the transparent-substrate and transparent-package teachings." (*Id.*)

Plaintiff argues in reply that the additional prior art is substantially similar to that in the reexamination record and thus does not identify "a new connection among claim limitations." (Doc. 43: Reply in Support of Mot. to Dismiss at 7.) For the purposes of Rule 12(b)(6), the Court will not delve into the technical details of the new prior art and decide whether and how it differs from that before the USPTO on reexamination. Defendant has contended that the prior art – both that in the reexamination record and the new references – together identify a new combination with defined roles for each component. (Resp. at 7.) Taking Defendant's contentions as true, we find that Defendant has pleaded a plausible theory that the '242 Patent is invalid for obviousness.

Next, Plaintiff argues that because the new prior art references appeared in related Chinese invalidity proceedings that found a related Chinese patent to be valid, Defendant has not pleaded any materially new, claim-specific theory of obviousness. (Mot. to Dismiss at 11.) Plaintiff suggests that Defendant should have – and failed to – identify a materially different disclosure, combination, or limitation mapping that

would make the new references a plausible basis for invalidating the '242 Patent. (*Id.*) In response, Defendant points to paragraphs 21 through 23 of Amended Counterclaim II, which it contends identify the particular Claim 1 limitation for which Defendant cited the new references. (Resp. at 8.)

While the Court recognizes that the new references appeared in related Chinese proceedings that did not invalidate a related patent, that fact is not dispositive on whether Defendant has made a plausible theory of obviousness under United States patent law. *See, Beijing Choice Electronic Technology Co., Ltd. v. Contec Medical Systems USA Inc.* No. 18-cv-00825, 2023 WL 11991941 at *10 (N.D.Ill. April 24, 2023) (Noting that Chinese Patent Board decisions are irrelevant to proceedings under United States patent law.)

Defendant pleaded in Amended Counterclaim II that the new references disclose specific limitations related to the '242 Patent's "transparent substrate strip" and that a person of ordinary skill would have used the known transparent substrate, transparent LED-chip, and transparent adhesive bonding structures in connection with other prior art (specifically Shibata) to improve light emission. (*Id.*) The Court accepts that Defendant may ultimately fail to prove that these references are enough to render Claim 1 of the '242 Patent invalid for obviousness, but that is a question for another day. At this stage, however, Defendant has pleaded enough to survive a motion to dismiss.

Plaintiff also argues that Defendant's conditional § 112 theory is independently defective. (Mot. to Dismiss at 12-13.) Specifically, it contends Defendant's § 112 counterclaim is not plausible because it does not identify whether it is alleging a failure of the statute's written description, enablement, or indefiniteness theories, or plead facts supporting any of them. (*Id.*) Instead of a plausible claim, Plaintiff says, Defendant has offered a theory that is dependent on future claim construction and what Plaintiff "may" argue about its "transparent substrate strip." (*Id.*)

Defendant counters that it has adequately pleaded a violation of § 112's written-description requirement. (Resp. at 11.) It first notes that it expressly alleged that its Accused Product uses a ceramic, not transparent substrate to mount its LED chip, unlike the '242 Patent's "transparent substrate strip." (*Id.*) It accuses Plaintiff of wrongly identifying the Accused Product's outer shell as a "transparent substrate strip" even though the shell does not operate as an LED chip-mounting substrate and the '242 Patent itself distinguishes the transparent chip-mounting substrate from separate outer structures. (*Id.*) Therefore, Defendant asserts in the Counterclaim that if Plaintiff insists that the infringing transparent substate strip includes either an opaque substrate or the outer shell which does not include a mounted LED chip, it violates § 112 for failure to adequately describe the '242 Patent's specifications. (Am. Counterclaim II, ¶27.)

Defendant is permitted to assert alternative claims under Rule 8(d)(2) : either that Plaintiff is wrong that the Accused Product infringes the '242 Patent because its

properly construed claim includes a transparent, not opaque, substrate, *or* that Plaintiff's inclusion of opaque substrates and outer structures in its definition of "transparent substrate strip" fails § 112's written description requirement. Defendant's amended counterclaim gives notice of a plausible dispute with Plaintiff's specifications in the '242 Patent and gives adequate Rule 8(a) notice about the nature of its argument.

For the foregoing reasons, the Court finds that Defendant 's Amended Counterclaim II pleads a plausible theory of invalidity. The remainder of Plaintiff's arguments in support of dismissal do not change that outcome. Defendant's reference to potential future invalid "dependent claims" requires no decision by the Court at this time. Plaintiff has not yet identified any dependent claims stemming from Claim 1 and the Court will address the issue if and when it becomes relevant. Similarly, Defendant's reservation of the future right to rely on additional prior art (Counterclaim II ¶28) does not currently require any decision from the Court and does not prove that the remainder of the amended counterclaim was not sufficiently pleaded. The Court evaluated the sufficiency of Amended Counterclaim II as pleaded in paragraphs 18 though 27 and found that Defendant alleged a plausible theory and alternative theory of invalidity.

## CONCLUSION

For the reasons explained above, the Court denies Plaintiff/Counterdefendant's motion to dismiss. (Doc. No. 30.)

**SO ORDERED.**

**ENTER:**

Laura K. McNally

**LAURA K. MCNALLY**

**United States Magistrate Judge**

**DATED: August 10, 2026**